LUMBERTON IMPROVEMENT COMPANY v. BOARD OF COM-
MISSIONERS OF ROBESON COUNTY.

(Filed 12 December, 1907).

1. **Legislature—Records—Error—County Bond Issue Act—Consti-
tutional Requirements.**

An act of the Legislature authorizing Robeson County to issue
bonds, passed in accordance with Article II, section 14, of the
State Constitution, except it was recorded in one branch of the
Legislature as Washington instead of Robeson County, under cir-
cumstances to clearly prove that Robeson County was intended,
is valid.                                      .

2. **Same—County Bond Issue—Constitutional Question—Taxation—
Exemption.**

A legislative enactment authorizing a county to issue bonds,
exempting them from taxation, is not void on that account. The
question of their being exempt can only be tested when the owner
thereof refuses to list and pay taxes on them.

CIVIL ACTION, heard by *Jones, J.,* at chambers, ROBESON
County, on 2 December, 1907.

This is a controversy without action to test the validity of
certain bonds issued by defendant for the purpose of building
a courthouse in the county seat of said county. From the
judgment rendered plaintiff and defendant appealed.

The facts sufficiently appear in the opinion of the Court.

*E. M. Britt* for plaintiff.
*McIntyre, Lawrence & Proctor* for defendant.

BROWN, J.  As the matters excepted to by plaintiff and de-
fendant in their respective appeals are so closely connected,
we will consider the entire case in this opinion.

1. The plaintiff contends that the act of the General Assem-
bly authorizing the issue of the bonds was not passed in ac-
cordance with Article II, section 14, of the Constitution.

It is admitted that the bill passed the Senate under its
proper title and in strict accord with the constitutional re-

146—23

quirements.      But it is averred that on one of its readings in the House it is not recorded under its proper title, although the "ayes" and "noes" were duly recorded.      The record of its passage through the House of Representatives is as follows:

"HOUSE OF REPRESENTATIVES,
"February 23, 1907.

"Bills and resolutions are introduced, read the first time and disposed of as follows:

"By Mr. McRae, H. B. 1483, a bill to be entitled an act to authorize the Commissioners of Robeson County to issue bonds to build a courthouse.      Placed on the Calendar."

"HOUSE OF REPRESENTATIVES,
"February 25, 1907.

"Bills and resolutions on the Calendar are taken up and disposed of as follows:

"H. B. 1483, a bill to be entitled an act to authorize the Commissioners of Robeson County to issue bonds to build a courthouse.      Passes its second reading by the following vote and takes its place on the Calendar.      Those voting in the affirmative are": (Here follow the names of seventy-two members voting "Aye").      "Those voting in the negative, none."

"HOUSE OF REPRESENTATIVES,
"February 27, 1907.

"Bills and resolutions on the Calendar are taken up and disposed of as follows:

"H. B. 1483, a bill to be entitled an act to authorize the Commissioners of Washington County to issue bonds to build a courthouse.      Passes its third reading by the following vote and is ordered sent to the Senate without engrossment.      Those voting in the affirmative are": (Here follow the names of sixty-seven members who voted "Aye").      "Those voting in the negative, none."

"HOUSE OF REPRESENTATIVES,
"March 4, 1907.

"Mr. Byrd, from the Committee on Enrolled Bills, reports the following bills and resolutions properly enrolled, and they are duly ratified and sent to the office of the Secretary of State:

"H. B. 1483, S. B. 1316, an act to authorize the Commissioners of Robeson to issue bonds to build a courthouse."

It is apparent that the words "Washington County" were intended for Robeson County, and are mere clerical errors. The number of the bill in its passage through the House, and the fact that the same bill, bearing House number 1483, passed the Senate under its proper title and was duly enrolled under said title and its proper House and Senate numbers, clearly proves that the words "Washington County" were intended for Robeson County. In addition, it is admitted that no bill whatever was introduced during that session of the General Assembly providing for the issue of bonds for Washington County.

2. It is contended by defendant that his Honor erred in declaring the act void because the bonds are exempted from taxation. In this view we fully concur. The act is not void on that account, and the bonds are not thereby invalidated. On the contrary, they are perfectly valid. Whether they can be exempted from taxation can only be tested when some portion of them may be found in the possession and ownership of some citizen of this State who refuses to list and pay taxes on them. The judgment of the Superior Court upon the plaintiff's appeal is affirmed, and the costs of that appeal are to be taxed against the plaintiff.

The judgment of the Superior Court upon the defendant's appeal is reversed, and the costs of that appeal shall be taxed against plaintiff.

In plaintiff's appeal, judgment affirmed.

In defendant's appeal, reversed.